### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### MOBILE DIVISION

| | |
|---|---|
| **KELLY FILLINGIM,**  )  | |
|  ) | |
|  ) | |
|   **Plaintiff,**  ) | |
|  ) | **CIVIL ACTION NO.:** |
| v.  ) | **16-64** |
|  ) | |
| **RANDY K. WILLIAMS,**  ) | |
| **SECOND HALF CO., D/B/A**  ) | |
| **RED OR WHITE WINE,**  ) | |
|  ) | |
|  ) | |
|  ) | |
|   **Defendants.**  ) | |

### COLLECTIVE ACTION COMPLAINT

This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, including the collective action provision of the FLSA found at §216(b), for equitable and declaratory relief and to remedy violations of the wage provisions of the FLSA by Defendants, which have deprived the Plaintiff, and all other similarly situated servers employed by Defendants, of their lawful wages. Through this action, Plaintiff seeks to recover, *inter alia*, unpaid compensation, and unpaid wages, owed to the Plaintiff, and all similarly situated servers employed by Defendants, as well as reasonable attorney fees and costs,

1

pursuant to the FLSA.  Plaintiff also alleges a state law claim for unjust enrichment.

## I. JURISDICTION & VENUE

1. Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b) of the Fair Labor Standards Act, by 29 U.S.C. §1331, this action arising under laws of the United States, and by 28 U.S.C. §1337, this action arising under Acts of Congress regulating commerce.

2. Venue in this Court is proper pursuant to 28 U.S.C. §1391(b).

## II. PARTIES

3. Plaintiff Kelly Fillingim (hereinafter "Fillingim") is over the age of nineteen (19) and is a resident of Mobile County, Alabama.  From approximately July 2015 until January 2016, Fillingim was employed by Defendants as a server at Red or White Wine & Gourmet Center at both the Mobile and Fair Hope, Alabama locations.

4. Defendant Second Half Co., Inc. operates Red or White Wine, & Gourmet Center is a company doing business in Alabama.  Please see attached documents from the Alabama Secretary of State marked **EXHIBIT A** as well as screen captures of company website marked **EXHIBIT B**.

5. Defendant Randy K. Williams is listed as an owner, incorporator, and registered agent of Defendant Second Half Co., Inc.

6. Randy Williams, as owner, handles the overall business needs of Red or White Wine including, but not limited to terminations and payroll policies, particularly with respect to the compensation and pay of the servers at Red or White Wine.

7. Defendants are individually and jointly subject to the requirements of the FLSA.

8. Defendants are so closely associated and managed that they can be considered joint employers.

9. All the aforementioned Defendants shall be collectively known and, where appropriate within this complaint, referred to as "Red or White" or "Defendants".

10. For all times relevant to this action, Defendants have been engaged in commerce or in the production of goods for commerce as defined by 203(s)(1) of the FLSA. Defendants run an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in

commerce. Defendants' annual gross volume of business exceeds $500,000.00.

11. At all times relevant to this action, Defendants were the "employer" of Plaintiff, as that term is defined by 203(d) of the FLSA.

12. The Plaintiff as a matter of economic reality, depends on each of the defendants for her work and wages. In other words, each Defendant could determine the hours worked and wages received by the Plaintiff, and any of the Defendants could have terminated the Plaintiff's employment.

13. Plaintiff, and all other similarly situated servers, were "employees" of Defendants as defined by 203(e)(1) of the FLSA. Plaintiff worked for Defendants in Alabama within three years preceding the filing of this lawsuit. Plaintiff and all similarly situated servers employed by Defendants were individually engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendants. Their interstate commercial activity included, but was not limited to, serving customers who were traveling in interstate commerce, serving food that originated out of state, and processing credit card transactions that crossed state lines.

## III. FACTUAL ALLEGATIONS

14. Red or White is a combination retail wine store and restaurant.

15. The Fair Hope Red or White Wine Gourmet Center is located at 323A Del Mare. The Fair Hope location opens to customers at 10:30AM and is scheduled to close at 5:30PM on Mondays. Tuesday through Saturday the location opens to customers at 10:30AM and is scheduled for last call at 8:00PM.

15. The Mobile Red or White Wine Gourmet Center is located at 1104 Dauphin Street. The location opens to customers at 10:30AM and is scheduled to close at 5:30PM on Mondays. Tuesday through Thursday the location opens to customers at 10:30AM and is scheduled for last call at 8:30PM. Friday and Saturday the location opens to customers at 10:30AM and is scheduled for last call at 9:30PM.

16. Mobile Red or White Wine Gourmet serves food Tuesday through Saturday, and Plaintiff would arrive at 3:00PM to begin her shift.

17. From 3:00PM until 5:00PM, there would usually be no restaurant customers, and, during that time, Plaintiff would restock wine in the retail section of the store, help retail customers, empty recycling, fold pizza boxes, sweep the patio, mop, roll silverware, move tables, clean windows, stock supplies, wipe tables, set tables, and complete other non-serving related services.

18. Generally restaurant customers would start arriving around 5:00PM.

17. Plaintiff has worked at both locations as a server and servers at both locations were responsible for, *inter alia*, cleaning, greeting customers, taking orders for food and drinks, bringing orders to customers, handling customers checks and payment, and generally providing customers with a pleasant dining experience.

17. Defendants' calculation of the hourly cash wage paid to their servers is based on the servers' status as "tipped" employees. 29 U.S.C. 203(m). The Defendants claim a tip credit for all similarly situated servers.

18. The FLSA allows employers to pay tipped employees less than the required federal minimum wage, provided that the employers follow the FLSA's requirements. See 29 U.S.C. 203(m) and 206(a)(1). If the employer complies with the FLSA requirements, it can fulfill its minimum wage obligation by paying a cash wage of only $2.13 an hour, and counting the employee's tips to make up the difference between the employee's reduced rate and the usual minimum wage of $7.25 an hour. This additional amount credited on account of the tips received is commonly called a "tip credit."

19. Defendants did not pay Plaintiff $7.25 per hour directly.

20. Defendants paid Plaintiff $4.00 per hour directly when she worked as a server.

21. Defendants claimed a tip credit for the Plaintiff, making up the $3.25 per hour difference with tips given to Plaintiff by customers in recognition of the service she provided.

22. The tip money left by customers was voluntary, and not a service charge.

23. The tip money was delivered to the Plaintiff by customers.

24. Plaintiff accepted the tip money from customers, but was required to report all her tips to Defendants.

25. Before Plaintiff, and similarly situated servers, were released from work they had to do a sales report and required all servers, including Plaintiff, to relinquish certain percentages and amounts of their cash and credit tips to other employees.

26. Defendants specified the minimum amount Plaintiff and servers were required to tip out other employees.

27. Generally, thirty-four percent (34%) of the overall tips were required to be delivered to the kitchen staff.

28. The dishwasher would get a portion of the remaining cash tips, which was determined the bar supervisor.

29. Defendants required servers, including plaintiff, to tip out other non-servers who were paid minimum wage or higher hourly rates on numerous occasions.

30. Defendants required servers, including Plaintiff to deliver tip out money to employees who the customer did not intend to give the tip money.

31. Defendants did not inform customers that servers did not retain all their tip money.

32. Tip out recipients, like kitchen staff, did not qualify as tipped employees as defined by the FLSA.

33. Kitchen staff prepared food, by cooking it, plating it, and placing it on trays.

34. Generally there is a head chef, one to two kitchen staff, and one dishwasher.

35. The kitchen staff and the dishwasher were in areas that were off limits to customers.

36. The Plaintiff complained to management that the distribution of tips was unreasonable. The Defendants were dismissive regarding the complaints and continued to require servers to tip out.

37. The Defendants were aware that the Plaintiff opposed the tip out requirement because she voiced her concerns on numerous ocassions.

38. After last call, Plaintiff would stow the wine using a specific process to ensure it did not spoil.

39. Servers would sweep and remove trash from restaurant and retail side, take out trash, polish wine glasses, and dump wine buckets.

40. The Plaintiff's and similarly situated servers' post-shift tasks, completed without customers present, included: cleaning tables; cleaning waitress/server area; and cleaning/loading dishes.

41. These post-last call tasks routinely last approximately one (1) hour after Red or White Wine closes.

## IV. CAUSES OF ACTION

### A. IMPROPER TIP CREDIT RESULTING IN MINIMUM WAGES VIOLATIONS

42. Plaintiff re-alleges paragraphs 1-41 as though fully set forth herein.

43. 29 U.S.C. 206(a) provides that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates", including the current federal minimum wage of $7.25 per hour.

44. Generally, employers are required to pay non-exempt hourly employees federal minimum wage, or higher minimum wage if provided by state law.

45. For the past three years the federal minimum wage is $7.25 per hour and this is the applicable minimum wage rate in Alabama.

46. Beginning with 1966 Amendments, the FLSA allowed an employer to take a credit for tips actually received by a "tipped employee" for up to 50 percent of the applicable minimum wage.

47. Under the 1996 Amendments to the FLSA, an employer is permitted to credit tips received up to $2.125 per hour, or half the FLSA minimum wage in effect on August 20, 1996.

48. After 1996, employers were required to pay a "tipped employee" cash wage of at least $2.125 per hour; they may credit tips received to make up the rest of the applicable minimum wage, although this credit may not exceed the value of tips actually received.

49. Employers may only take tip credit for the amount of tips that each tipped employee ultimately receives, as opposed to what any one employee initially received from his or her customers.

50. Employers may not retain any amount of an employee's tips.

51. An employee must customarily and regularly receive more than $30.00 a month in tips individually in order to qualify as a tipped employee under the FLSA.

52. Frequently, servers are lawfully paid a "reduced minimum wage" below $7.25 per hour as permitted by 29 U.S.C. 203(m) of the Fair Labor Standards Act.

53. Generally, the reduced hourly wage rate for "tipped employees" such as servers is $2.13 per hour.

54. Defendants did not inform Plaintiff or similarly situated employees of the provisions of subsection 203(m) requiring that the amount paid to tipped employees by the employee's employer included "an additional amount on account of the tips received by such employee which *amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under Section 206(a)(1) of this title.*" Emphasis added.

55. Defendants claimed a tip credit for the difference between federal minimum wage and the "reduced hourly wage" rate it elected to pay servers.

56. Defendants did not ensure that the amount of tips retained by servers satisfied Defendant's obligation to pay the applicable federal and state minimum wage for every hour worked.

57. Defendants failed to comply with its minimum wage obligations to non-exempt hourly servers as required by Fair Labor Standards Act.

58. Defendants failed to comply with "tip credit" obligations set forth for "tipped employees" in 203(m) and required if an employer elects to pay a "reduced minimum wage."

59. Defendants failed to pay Plaintiff and similarly situated servers the federal minimum wage rate of $7.25 per hour, which they are entitled to under the FLSA.

60. Defendants required Plaintiff to perform a substantial amount of non-tipped side work in excess of twenty percent of her time at work. During these periods, Defendants claimed tip credits rather than pay the Plaintiff the full hourly minimum wage rate as required by 29 U.S.C. 201 *et seq.*

61. Defendants required other similarly situated servers to perform a substantial amount of non-tipped side work in excess of twenty percent of their time at work. During these periods, Defendants claimed tip credits rather than pay the full hourly minimum wage rate as required by 29 U.S.C. 201 *et seq.*

62. As a result of Defendants' policy and practice, Plaintiff was not paid minimum wages for pre and post shift non-tipped work performed.

63. On information and belief, Defendants failed to pay minimum wages for pre and post shift non-tipped work performed by other similarly situated servers, who are performing duties for Defendants' benefit.  As a result, like the Plaintiff, other similarly situated servers have been denied appropriate compensation for non-tipped hours worked at Red or White Wine.

64. Defendants' unlawful conduct, as described above, has been willful and intentional.

65. Plaintiff, and similarly situated servers, are entitled to backpay for time spent doing nontipped work.

66. Plaintiff, and similarly situated servers, are entitled to backpay for all hours on shifts where Defendants claimed an improper tip credit because of an invalid tip-sharing scheme.

67. Plaintiff seeks liquidated damages in an amount equal for unpaid wages and unlawfully claimed tip credit.

68.  Plaintiff and all similarly situated servers who elect to participate in this action, seek unpaid wages, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. 216(b).

**B.     OVERTIME VIOLATIONS: 29 U.S.C. §207(a)**

69. 29 U.S.C. §207(a) provides that "no employer shall employee any of his employees who in any workweek is engaged in commerce in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

70. When Plaintiff and other servers would work more than 40 hours a week they would not receive time and half for those hours over 40 hours they worked.

71. Defendants computed Plaintiffs' overtime by multiplying the reduced minimum wage by 1.5.

72. In calculating the overtime rate for Plaintiff, and other similarly situated servers and tipped employees, Defendants should have multiplied the prevailing federal wage by 1.5 and then subtracted the tip credit claimed. That amount is then multiplied by the number of overtime hours worked in excess of 40 per week.

**C.   UNJUST ENRICHMENT**

73. This is a claim arising under the law of the State of Alabama to redress the unjust enrichment of Defendants.

74. Plaintiff alleges that Defendants took and held tip monies which, in equity and good conscience, belonged to her and all other similarly situated servers who received tips directly from customers.

75. Plaintiff further alleges that their tip monies were given to her and other similarly situated servers by customers.

76. Customers left the money as a gift to the servers, not for the restaurant.

77. Requiring servers to give up their tip money to other employees elevated Defendants beyond the approximate financial posture they would have been in had they been forced to pay the tip out recipients higher wages instead of having their servers subsidize the wages of the employees receiving a share of servers' tips.

78. Defendants' actions and failures, as described above have been intentional, willful, and undertaken with malicious and reckless disregard of the Plaintiff and other similarly situated servers' rights.

79. Defendants have engaged in bad faith and gross misjudgment. Therefore the Plaintiff and other similarly situated servers are entitled to restitution.

## IV. COLLECTIVE ACTION ALLEGATIONS

80. As described above, the provisions set forth in 206 and 207 of the FLSA apply to Defendants, and Plaintiff and all similarly situated servers were covered by 206 and 207 of the FLSA during their employment with Defendants.

81. On information and belief, Defendants have intentionally failed and/or refused to pay Plaintiff and all other similarly situated servers at Red or White Mobile and Fair Hope locations according to the provisions of the FLSA.

82. Defendants' policies and practices described above relating to their tip pool and their non-payment of earned wages to Plaintiff and all similarly situated servers in Defendants' locations have existed since at least February of 2013.

83. On information and belief, Defendants have been aware of the requirements of the FLSA and its corresponding regulations as well as Defendants' violations of the FLSA. Despite this knowledge, Defendants have failed to pay the Plaintiff and similarly situated servers the amount of pay required by the FLSA.

84. There are numerous similarly situated servers who worked at Red or White who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. These similarly situated employees are known to Defendants and are readily identifiable and can be located through Defendants' records. All servers who have been employed by Defendants and

have not been properly compensated would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified.

85. On information and belief, Defendants have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff and all similarly situated servers in accordance with sections 203(m), 206, and 207 of the FLSA.

86. As a result of Defendants' violations of the FLSA, Plaintiff and all other similarly situated servers have suffered damages by failing to receive compensation in accordance with 206 and '207 of the FLSA.

87. In addition to the amount of unpaid wages and benefits owed to the Plaintiff, and all other similarly situated servers, they are also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. 216(b) and prejudgment interest.

88. On information and belief, Defendants' actions in failing to appropriately compensate Plaintiff, and all other similarly situated servers in violation of the FLSA, were willful.

89. On information and belief, Defendants have not made a good faith effort to comply with the FLSA.

90. Plaintiff and all servers are also entitled to an award of attorney's fees pursuant to 29 U.S.C. '216(b).

91. Plaintiff and all other similarly situated servers have no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for, *inter alia*, lost overtime and wages, back-pay, and a declaratory judgment is their only means of securing adequate relief.

92. Plaintiff and all other similarly situated servers are now suffering, and will continue to suffer irreparable injury from Defendants' unlawful conduct as set forth herein unless enjoined by this Court.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated servers, pursuant to 216(b) of the FLSA, pray for the following relief:

a. At the earliest possible time, that they be allowed to give notice, or that the Court issue such Notice, to all servers who have been employed by Defendants at Red or White's locations during the three years immediately preceding the filing of this suit, and to all other potential Plaintiffs who may be similarly situated, informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they were not paid compensation and benefits for all hours worked pursuant to 29 U.S.C. 216(b);

b.	An order awarding damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. 216(b), and/or prejudgment interest;

c.	An order awarding reasonable attorneys' fees, including the costs and expenses of this action;

d.	Such other legal and equitable relief including, but not limited to, any declaratory relief to which they may be entitled;

e.	An order requiring Defendants to make Plaintiff and all other similarly situated servers whole by awarding them lost wages (plus interest) and restitution of tip monies; and

f.	The Plaintiff further demands a jury to try the issues when joined.

    Respectfully submitted,

    /s/ Daniel E. Arciniegas
    Daniel E. Arciniegas
    Rachel McGinley
    *Counsel for Plaintiff*

**OF COUNSEL**:
**WIGGINS, CHILDS, PANTAZIS, FISHER,**
**& GOLDFARB, LLC.**
The Kress Building
301 19th Street North
Birmingham, AL 35203
Telephone: (205) 314-0500

**DEFENDANTS ADDRESSES**
RANDY K. WILLIAMS
58 Fels Avenue
Fairhope, AL 36532

SECOND HALF CO., D/B/A
RED OR WHITE WINE
c/o Randy K. Williams
323A De La Mare Avenue
Fairhope, AL 36532